UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.

ADRIAN WAYNE YARBOROUGH,
BONNIE L. DHONDT,
SHERRI LOUISE MORELAND,
D. ANDRE TURNER, a/k/a Hamburger,
KENNETH L. DRAKE, a/k/a Speed Racer
ROCCO BEARDSLEY,
TAYLOR LARSON,
DEMOND L. ALLEN, a/k/a D Man, a/k/a Lee Lamar Moore,
CANDY MCBRIDE,
JENNIFER L. OSTROM,

                      Defendants.

**DECISION
and ORDER**

**06-CR-190(A)**

APPEARANCES:        TERRANCE P. FLYNN
UNITED STATES ATTORNEY
Attorney for the Government
THOMAS S. DUSZKIEWICZ, of Counsel
Federal Centre
138 Delaware Avenue
Buffalo, New York    14202

THOMAS PAUL HURLEY, ESQ.
Attorney for Defendant Adrian Wayne Yarborough
5800 Main Street
Williamsville, New York 14221

ANTHONY J. LANA, ESQ.
Attorney for Defendant Bonnie L. Dhondt
484 Delaware Avenue
Buffalo, New York 14202

MEHMET K. OKAY, of Counsel
Attorneys for Defendant Sherri Louise Moreland
P.O. Box 622
Batavia, New York 14020

LIPSITZ GREEN SCIME CAMBRIA, LLP
Attorneys for Defendant Kenneth L. Drake
MICHAEL PAUL STUERMER, of Counsel
42 Delaware Avenue
Suite 300
Buffalo, New York 14202-3901

MICHAEL J. O'ROURKE, ESQ.
Attorney for Defendant Rocco Beardsley
112 Franklin Street
Buffalo, New York 14202-3401

PAUL G. DELL, ESQ.
Attorney for Defendant Taylor Larson
70 Niagara Street
Buffalo, New York 14202

JOHN PATRICK PIERI, ESQ.
Attorney for Defendant Demond L. Allen
The Cornell Mansion
484 Delaware Avenue
Buffalo, New York 14202

KEVIN W. SPITLER, ESQ.
Attorney for Defendant Candy McBride
560 Delaware Road
Buffalo, New York 14223

MICHAEL J. STACHOWSKI, ESQ.
Attorney for Defendant Jennifer L. Ostrom
2025 Clinton Street
Buffalo, New York 14206

## JURISDICTION

This case was referred to the undersigned by the Hon. Richard J. Arcara on October 25, 2006 for all pretrial matters.  (Doc. No. 50).  The matter is presently before the court for determination of Defendants' non-dispositive pretrial motions.

2

## BACKGROUND AND FACTS [1]

On June 14, 2006, Defendant Adrian Wayne Yarborough ("Yarborough" or "Defendant Yarborough") and nine others, including co-defendants Bonnie L. Dhondt ("Dhondt" or "Defendant Dhondt"), Sherri Louise Moreland ("Moreland" or "Defendant Moreland"), D. Andre Turner ("Turner" or "Defendant Turner"), Kenneth L. Drake ("Drake" or "Defendant Drake"), Rocco Beardsley ("Beardsley" or "Defendant Beardsley"), Taylor Larson ("Larson" or "Defendant Larson"), Demond L. Allen ("Allen" or "Defendant Allen"), Candy McBride ("McBride" or "Defendant McBride") and Jennifer L. Ostrom ("Ostrom" or "Defendant Ostrom"), were charged in a 21 count indictment ("the Indictment") with violations of 21 U.S.C. §§ 841(a)(1), 846, 848(a), 853(a)(1), and 18 U.S.C. § 2.  (Doc. No. 1). [2]  All Defendants were charged in Count 1 of the Indictment with conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of cocaine, in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2.  ("Count 1").  Defendant Yarborough is alone charged in Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, and 20 with knowingly, intentionally and unlawfully possessing with intent to distribute, and distribute, various quantities of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 18 U.S.C. § 2.

---

[1]  Taken from the pleadings and papers filed in this action and  the facts presented in the Warrant Application's supporting Affidavit of Lt. John W. Runkle ("Runkle Affidavit"), upon which Chatauqua County Court Judge Stephen W. Cass determined there was probable cause to issue an eavesdropping warrant on May 5, 2006, for telephone number (716) 830-0806, used by Defendant Yarborough, and extended the warrant on June 13, 2006.   Subsequently, sealed arrest warrants which were issued by the undersigned for Defendants Yarborough, Dhondt, Moreland, Drake, Larson, McBride, Ostrom were returned on June 14, 2006.

[2] D. Andre Turner remains a fugitive.

Additionally, Yarborough is charged in Count 21 of the Indictment with knowingly, willfully, intentionally and unlawfully engaging in a continuing criminal enterprise of which he allegedly organized, supervised, and managed, and from which he allegedly obtained substantial income and resources, in violation of 21 U.S.C. § 848(a)(1) and 846 ("Count 21" or "the CCE Count").  Counts 16 and 19 charge Yarborough and Dhondt with knowingly, intentionally and unlawfully possessing with intent to distribute and distribute a quantity of cocaine on March 13, 2006 ("Count 16") and on April 12, 2006 ("Count 19")  in Jamestown, New York, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C § 2.  Count 22 requires Yarborough to forfeit any property or proceed derived from controlled substance violations charged in the Indictment, pursuant to 21 U.S.C. §§ 853(a)(1) and 853(p).  ("Count 22").  Dhondt is subject to forfeiture if convicted under Counts 1, 16 and/or 19, pursuant to 21 U.S.C. §§ 853(a)(1) and 853(p).  ("Count 23").

The following Defendants filed pre-trial motions: Drake on November 15, 2006 (Doc. No. 61) ("Stuermer Affidavit"); Beardsley on November 15, 2006 (Doc. No. 63) ("O'Rourke Affidavit"); Yarborough on November 21, 2006 (Doc. Nos. 66 & 67) ("Hurley Affidavit"); Moreland on November 22, 2006 (Doc. No. 69) ("Okay Affirmation"); Larson on November 28, 2006 (Doc. No. 70) ("Larson's Joinder Motion"); and Ostrom on December 6, 2006 (Doc. No. 71) ("Stachowski Affirmation") ("Moving Defendants"). The Government filed its consolidated response to Moving Defendants' pre-trial motions on December 29, 2006 (Doc. No. 75) ("Government Response").

Defendants' motions seek (i) discovery pursuant to Federal Rules of Evidence ("Fed.R.Evid.")  403, 404(b), 609, 702, 703 and 705; (ii) disclosure pursuant to Fed.R.Evid. 807; (iii) identification of informants and the nature of their testimony; (iv)

4

production of *Giglio* material; (v) early disclosure of *Jencks Act* material; (vi) joinder in

co-defendants' motions; (vii) leave to file additional motions; (viii) preservation of

investigators' rough notes; (ix) the date, time and place of any identification of

Defendants and the names of those persons then present; (x) disclosure of all

intercepted communications; (xi) a review of personnel files of government agent

witnesses; (xii) severance; (xiii) inspection of grand jury minutes for insufficiency of

evidence; (xiv) disclosure of plea agreements; (xv) the identity of the Government's

witnesses; (xvi) disclosure of the existence, duration and nature of electronic

surveillance; (xvii) production of statements of non-testifying witnesses; (xviii) an

extension of time to file a motion to suppress and an order directing the Government to

identify all evidence to be used at trial; (xix) production of mental health records and

evaluations of Government witnesses; (xx) disclosure of mail covers; (xxi) disclosure of

Grand Jury testimony; (xxii) transcription of Grand Jury testimony; (xxiii) permission to

inspect subpoenaed evidence which was presented to the Grand Jury; (xxiv) disclosure

and redaction of coconspirator statements; (xxv) setting dates for disclosure of Jencks

Act, and Fed.R.Evid. 404(b), 609 and 807 material; (xxvi) particularization of each count

in the Indictment pursuant to Federal Rule of Criminal Procedure 7(f) ("Rule 7(f)"); and

(xxviii) a pretrial hearing pursuant to Fed.R.Evid. 801(d)(2)(E). [3]  (Doc. Nos. 61, 53, 63,

64, 66, 67, 69, 70, 71). [4]

---

[3] Defendant Moreland moves for a pre-trial hearing pursuant to Fed.R.Evid. 801(b)(2)(E).
However, the court understands Moreland moves for a pre-trial hearing pursuant to Fed.R.Evid.
801(d)(2)(E), and considers Defendant's reference to be a typographical error.

[4] Defendants' pretrial motions include requests for dispositive relief which are addressed in a
separate Report and Recommendation filed contemporaneously with this Decision and Order.

At oral argument, conducted January 11, 2007, the court ruled on several of Defendants' non-dispositive pre-trial motions. (Doc. No. 76). Specifically, the court DISMISSED as moot all Defendants' Rule 16 motions seeking discovery. *Id.* As the Government denied possessing any identification evidence pertaining to Yarborough which it intends to use at trial, the court DISMISSED, as moot, Yarborough's motion requesting notification of such evidence. *Id.*

Pursuant to the Government's representation that it does not possess any *Brady* material of which it is presently aware, the court DISMISSED as moot Defendants' request for such material. *Id.* The court DENIED all particularization requests, but reserved decision on Defendant Drake's request that the court order the Government to state the identity of the person to whom it alleges Drake distributed controlled substances. The court also permitted Drake to supplement his brief and the Government to respond. *Id.* As Defendants failed to identify any intercepted communications that Defendants believe are inaudible, the court DENIED Defendants' requests for an audibility hearing without prejudice to renew before the District Judge. *Id.* Finally, the court GRANTED, without opposition, the Government's request for reciprocal discovery under Fed.R.Crim.P. 16(b), and instructed Defendants to provide such discovery **not later than 30 days prior to trial.** Defendant Drake's motion to suppress wiretap evidence was taken under advisement and is addressed in a separate Report and Recommendation filed contemporaneously with this Decision and Order. The court reserved decision on Moving Defendants' remaining motions.

Based on the following, Moving Defendants' remaining motions are GRANTED in

part, DENIED in part, and DISMISSED as moot in part.

## DISCUSSION

**1.     Discovery Pursuant to Fed.R. Evid. 403, 404(b) and 609**

Defendants Yarborough, Drake, Ostrom, Moreland and Beardsley seek

information pursuant to Fed.R.Evid. 404(b) ("Rule 404(b)").  Stachowski Affidavit ¶ 48;

Stuermer Affidavit ¶ 29; Okay Affirmation ¶ 25; O'Rourke Affirmation ¶ 32.  Defendant

Ostrom also seeks discovery of Fed.R.Evid. 403 and 609 ("Rule 609") material.

Stachowski Affidavit ¶ 48.  Finally, in addition to requesting information pursuant to Rule

404(b), Defendant Beardsley seeks discovery of Rule 609 material, O'Rourke

Affirmation ¶ 33, and that the court establish a date for disclosure of discoverable

material.  O'Rourke Affidavit ¶¶ 24-25. [5]

Rule 404(b) requires the Government to provide reasonable notice in advance of

trial of the general nature of any evidence of other crimes, wrongs, and acts it intends to

introduce at trial.  Fed.R.Evid. 404(b).  The Government contends it has notified

Defendants of its intention to offer proof of these activities at trial, and represents it will

provide specific Rule 404(b), 608 ("Rule 608") and Rule 609 material with its disclosure

of Jencks Act material.  Government Response at 7.  Therefore, the court directs the

Government to disclose all Rule 404(b), Rule 608, and Rule 609 evidence which it

intends to offer against any Defendant **no later than 90 days prior to trial** in sufficient

---

[5] Defendant Larson also filed a pretrial motion requesting permission to join in the motions filed on behalf of Defendant Yarborough (Doc. Nos. 66 and 67) on November 21, 2006.  Larson's Joinder Motion (Doc. No. 70).  The motion is GRANTED.

detail to permit defense counsel to prepare and file appropriate motions *in limine* on the issue of admissibility.  To the extent provided above, Defendants' motions for disclosure of Rule 404(b) evidence are GRANTED.

As stated, Discussion, *supra,* at 7, Defendants Ostrom and Beardsley also request pretrial disclosure of Rule 608 and 609 material, *i.e.*, any other evidence the Government intends to use to impeach the credibility of any Defendant who should testify at trial.  As with Rule 404(b), the Government represents it will disclose Rule 608 and 609 information with its disclosure of **Jencks Act** material.

The Government is under no obligation to provide impeachment material pursuant to Rule 609 prior to trial unless it intends to introduce evidence of a conviction that is more than 10 years old at the time of trial.  *United States v. Livoti*, 8 F.Supp.2d 246, 250 (S.D.N.Y. 1998); *United States v. Song*, 1995 WL 736872 , *7 (S.D.N.Y. 1995).  In such case, Rule 609(b) directs that the government "give the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."  Rule 609(b).  Further, before evidence of prior convictions may be admitted at trial, Rule 609(a)(1) directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant.  Fed.R.Evid. 609(a)(1).  "To perform this balancing, the court must know the precise nature of the defendant's testimony which is unknowable when . . . the defendant does not testify."  *Luce v. United States*, 469 U.S. 38, 41 (1984).  Accordingly, under Rule 609(a), whether a specific conviction is admissible for impeachment purposes is an evidentiary decision which must await trial and

determination by the trial judge.  *United States v. Weichert*, 783 F.2d 23, 25 (2d Cir.)

(citing *Luce, supra*, at 41), *cert. denied*, 479 U.S. 831 (1986).

The permissibility of impeachment evidence proffered under Rule 608 is subject

to the same balancing test as Rule 609 evidence.  *Weichert, supra*, at 25.  As such, any

decision on whether either Rule 608 or 609 evidence is admissible must be submitted

to the trial judge in this case.  *Weichert, supra*, at 25 (citing *Luce, supra*, at 41).

However, because the Government neither confirms nor denies its intent to introduce

evidence of any Moving Defendant's conviction that is more than 10 years old at the

time of trial, to the extent that the Government may decide to do so, Defendants'

requests for disclosure of such Rule 609 evidence is GRANTED and the Government

shall notify Defendants of such convictions and its intent to use them at trial **no later**

**than two weeks prior to the commencement of trial or any other date as the**

**District Judge may direct.**

**2.      Discovery Pursuant to Fed.R.Evid. 702, 703 and 705**

Fed.R.Crim.P. 16(a)(1)(G) provides that, with regard to expert witnesses,

> At the defendant's request, the Government must give to the defendant a
> written summary of any testimony that the Government intends to use
> under Rules 702, 703 or 705 of the Federal Rules of Evidence during its
> case-in-chief at trial.

Similarly, Fed.R.Crim.P. 16(b)(1)(c)(i)(ii) directs that

> The defendant must, at the Government's request, give to the government
> a written summary of any testimony that the defendant intends to use
> under Rules 702, 703 or 705 of the Federal Rules of Evidence as
> evidence at trial, if -

(i)      the defendant requests disclosure under subdivision (a)(1)(G) and the
         government complies . . .

In the instant case, Defendant Ostrom requests a list of the Government's expert witnesses, the substance of the expert witnesses' reports, and written summaries of the likely testimony of said witnesses.  Stachowski Affidavit ¶ 49.  The Government states it will comply with this request pursuant to Rule 16(a)(1)(G) regarding testifying witnesses under Fed.R.Evid. 702, 703 and 705.  Government Response ¶ 5.  Such information shall be provided **at least 30 days prior to trial or any other date as the District Judge directs.**

**3.      Disclosure Pursuant to Fed.R.Evid. 807**

Defendant Drake seeks disclosure of statements the Government intends to offer pursuant to Fed.R.Evid. 807, the residual exception to the hearsay rule. [6]  The Government states it will provide notice of its intention to use such evidence, if it intends to use such evidence, when it files its pretrial memorandum with the trial court.  Government Response ¶ 25.  Accordingly, Defendant's request for disclosure of statements which qualify for the residual exception to the hearsay rule is DISMISSED as moot.

**4.      Identification of Informants and the Nature of their Disclosure**

Defendants Moreland, Ostrom and Drake seek the names and addresses of all informant witnesses the Government may introduce at trial.  Okay Affirmation ¶ 21;  Stachowski Affirmation ¶¶ 55-57;  Stuermer Affidavit ¶¶ 15-26.  Specifically, Defendants assert that disclosure is required to prepare an adequate defense by investigating the

---

[6] As Fed.R.Evid. 803(24) ("Rule 803(24)") has been transferred to Fed.R.Evid. 807 ("Rule 807") in 1997, Fed.R.Evid. 807 advisory committee's note, Defendant Beardsley's request, O'Rourke Affirmation ¶ 34, for material pursuant to Rule 803(24) is considered a request for material under Rule 807.

allegations, biases, and benefits they may receive from cooperating with the Government, Stachowski Affirmation ¶ 56, and to assess their credibility for cross-examination.  Stuermer Affidavit ¶ 25.  Alternatively, Defendant Ostrom requests an *in camera* review "to evaluate the competing interests in such disclosure."  *Id.* ¶ 57.  The Government opposes such disclosure, arguing that Moving Defendants have provided no basis for compliance with this request.

Substantial policy considerations override the need for full disclosure of informants' identities.  *Roviaro v. United States*, 353 U.S. 53, 61 (1957) (holding that informer's privilege must yield to disclosure at trial if necessary to a "fair determination").  Disclosure of the identity of confidential informants may be withheld to protect the anonymity of informants and to secure the informants' continued cooperation in furnishing information regarding violations of law.   *Roviaro,* 153 U.S. at 59; *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  It is equally permissible to withhold information from which such identity may be inferred and thus revealed.  *See Roviaro, supra*, at 60.  It is well settled that "an informant's identity need not be disclosed unless 'essential to the defense.'" *United States v. Morales*, 280 F.Supp.2d 262, 271 (S.D.N.Y. 2003) (quoting *United States v. Russotti*, 746 F.2d 945, 949 (1984) (quoting *Scher v. United States*, 305 U.S. 251, 254 (1938)).

In determining whether disclosure is essential, courts are required to balance the public's interest in obtaining information to assist law enforcement against the defendant's right to prepare a defense.  *Roviaro, supra*, at 62; *United States v.*

*Jackson*, 345 F.3d 59, 70 (2d Cir. 2003), *cert. denied,* 541 U.S. 956 (2004).  A

confidential informant's identity or the contents of an informant's communication must

therefore be disclosed if such information is "relevant or helpful" to an accused's

defense at trial, particularly in relation to a potential entrapment defense or a

defendant's knowledge of the character of the contraband.  *Roviaro, supra*, at 60-61,

64; *DiBlasio v. Keane*, 932 F.2d 1038, 1042 (2d Cir. 1991); *see also United States v.*

*Jackson*, *supra*, at 69-70 (approving informant identity disclosure to facilitate

entrapment defense to drug sale charge).  Defendants bear the burden of establishing

the need for such disclosure and a need for disclosure will be found only upon

demonstrating that the absence of such disclosure will deprive the defendant of a fair

trial.  *Fields, supra,* at 324; *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983).

In the instant case, Defendants do not demonstrate how any informant's identity

is material to their potential defenses at trial, and have therefore failed to meet their

burden under *Roviaro* to compel disclosure*.*  Absent "a specific showing that disclosure

was both material to the preparation of [the] defense and reasonable in light of the

circumstances surrounding [the] case," the district court is not required to compel

disclosure.  *United States v. Bejasa,* 904 F.2d 137, 139-40 (2d Cir.), *cert. denied,* 498

U.S. 921 (1990).  Accordingly, Moving Defendants' motion for disclosure of the identity

of confidential informants as prospective Government witnesses are DENIED.

**5.     Production of *Giglio* and Jencks Act material**

Defendants Yarborough, Ostrom and Moreland seek disclosure of all *Giglio*

material, including the names, addresses and criminal records of all informants upon

whose information the Government relied in investigating this case. Hurley Affidavit ¶ 13; Stachowski Affidavit ¶¶ 58-69; Okay Affirmation ¶ 33. Additionally, Defendants Drake, Ostrom and Moreland request disclosure of information pursuant to the **Jencks Act**, which includes statements and reports of potential Government witnesses at trial. Stuermer Affidavit § 49; Stachowski Affirmation ¶¶ 58-69; Okay Affirmation ¶¶ 42-43.

The defense is entitled to pertinent evidence regarding a material witness's credibility or reliability, including evidence of any agreement or promises of leniency between the government and a government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Failure of the government to reveal evidence of an understanding in return for testimony will violate due process. *United States v. Pfingst*, 477 F.2d 177 (2d Cir.), *cert. denied,* 412 U.S. 941 (1973); *United States v. Feola*, 651 F.Supp. 1068, 1135 (S.D.N.Y. 1987), *aff'd.*, 875 F.2d 857 (2d Cir. 1989), *cert. denied*, 493 U.S. 834 (1989). In this case, the Government has recognized its ongoing duty to provide any exculpatory or mitigating evidence in its possession to Defendants, including any information that would impeach a government witness. Government Response ¶ 14. Specifically, the Government agrees to provide the following impeachment material

> promises of leniency or immunity agreements with government witnesses, criminal records of prosecution witnesses, immoral, various or other criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to trial, at which time the Government will produce the **Jencks Act** material.

Government's Response ¶ 16.

The court has no authority to require pretrial disclosure of **Jencks Act** material. *United States v. Scotti*, 47 F.3d 1237, 1249-250 (2d Cir. 1995) (denying pretrial

13

production of **Jencks Act** material and citing *United States v. Sebastian*, 497 F.2d

1267, 1269-70 (2d Cir. 1974) (holding the court cannot compel pretrial production of

**Jencks Act** material)).   However, the Government represents it will provide written

statements of witnesses and investigative agency or police department memoranda of

interviews with witnesses pursuant to 18 U.S.C. § 3500 no later than one week prior to

the commencement of trial. [7]   Government Response ¶ 16.   Based on the

Government's representation that it will provide impeachment *Brady* material, insofar as

the Government is aware of such information, with its disclosure of **Jencks Act** material

one week prior to trial, the court finds that any *Brady* impeachment material should be

turned over to the defense **no later than one week prior to the commencement of**

**trial**.

**6.      Leave to Join Co-Defendants' Motions**

Moving Defendants request permission to join in their co-Defendants' motions.

Stuermer Affidavit ¶¶ 69-70; Hurley Affidavit ¶ 52; Stachowski Affidavit ¶ 104; O'Rourke

Affirmation ¶ 31; Larson's Joinder Motion; Okay Affirmation ¶¶ 52-54.   The court

considers these Defendants as having requested the same relief insofar as each

Defendant has standing to make such a request and the relief requested was timely

sought by other Defendants.   References to motion papers of specific Defendants will

be made only with regard to Defendants who provided substantive arguments in

---

[7] The Government maintains it has no obligation to provide statements and identities of persons
interviewed who will not be called at trial.  Government Response ¶ 8.  Defendants do not contest this
assertion.

support of their respective requests.  Defendants' requests are GRANTED.

**7.      Motion for Leave to File Additional Motions**

Defendants Moreland, Beardsley, Yarborough, and Drake request permission to file future motions if necessary.  Okay Affirmation ¶ 51; O'Rourke Affirmation ¶ 32; Hurley Affidavit ¶¶ 53-55; Stachowski Affirmation ¶ 104; Stuermer Affidavit ¶¶ 71-75. Defendants' motions are GRANTED insofar as any of such Defendants may demonstrate circumstances which could not have reasonably supported earlier filing of motions in accordance with the scheduling order.  *See* Fed.R.Crim.P. 12(e).

**8.      Motion for Preservation of Rough Notes**

Defendants Yarborough, Moreland, and Drake request the court to instruct the Government to preserve any rough notes taken by government agents or officers in connection with this investigation.  Doc. Nos. 67, 69, 61.  Hurley Affidavit ¶¶ 20-22; Okay Affirmation ¶ 43 (D); Stuermer Affidavit ¶¶ 57-60.  The Government maintains it is not required to provide rough notes, if they exist, to Defendants at this time, but states that it will maintain such material if in existence.  Government's Response ¶ 8.

Agents are not required to produce or preserve handwritten notes if such notes have been incorporated into final reports.  *United States v. Elusma*, 849 F.2d 76, 79 (2d Cir. 1988), *cert. denied*, 489 U.S. 1097 (1989); *United States v. Gotchis*, 803 F.2d 74, 78 (2d Cir. 1986) (no obligation on the government to preserve notes later reduced to formal reports).  Where the government has acknowledged a defendant's request for preservation of such notes, courts have refused to order agents to retain and preserve the notes.  *United States v. Maneti*, 781 F.Supp. 169, 187 (W.D.N.Y. 1991).

15

Nonetheless, preservation of handwritten notes has been ordered where there were no final reports written.   *See, e.g.*, *United States v. Hoyos*, 1992 WL 51686, * 2 (N.D.Ill. 1992) (court granted defendant's motion for an order directing agents to retain and preserve all rough notes relating to case); *United States v. Taylor*, 707 F.Supp. 696, 707 (S.D.N.Y. 1989) (court directed the government to preserve original handwritten notes of interviews with potential witnesses).   Here, the court has not been informed if final reports by testifying agents are available.

Based on the applicable caselaw, the court directs that the Government take steps to preserve any rough notes taken by law enforcement officials during the investigation of this matter that have not been incorporated into final written reports. The court will not, however, direct the preservation of any notes which have been incorporated into official records.   *Elusma, supra,* at 79; *Gotchis, supra,* at 78.   Further, pursuant to Defendants' requests, the court directs the Government to preserve any evidence in its possession for trial.   The Government is under a continuing duty to preserve discoverable evidence.   *United States v. Grammatikos*, 633 F.2d 1013, 1019 (2d Cir. 1980).   *See also United States v. Valone*, 1988 WL 59255, * 4 (W.D.N.Y. 1988) (Elfvin, J.) (motion to preserve evidence granted).

**9.     Motion for Leave to Move for Severance**

Defendants Drake and Moreland seek permission to file a motion for severance at a later date.  Stuermer Affidavit §§ 27-28; Okay Affirmation § 48.  Specifically, Drake seeks "to preserve his [Drake's] ability, if circumstances change such that Mr. Drake can meet the requirements for severance, to move the Court for severance before trial."

Stuermer Affidavit ¶¶ 27-28.  Drake does not, in his motion, provide a reason why severance should be granted at this time.  Additionally, Defendant Moreland moves for a pretrial hearing regarding the existence of a conspiracy pursuant to Fed.R.Evid. 801(d)(2)(E) before co-conspirator statements are admitted at trial.  Okay Affirmation § 47.

A court considering a motion for severance under Fed.R.Crim.P. 14 should make a two-step inquiry, *i.e.,* "whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant." *United States v. Ruiz*, 894 F.2d 501, 505 (2d. Cir. 1990).  Where two or more defendants "are alleged to have participated in the same act or transaction, or series of transactions, constituting an offense or offenses, joinder is proper."  Fed.R.Crim.P. 8(b).  If the joinder was not proper, the court shall then decide whether the joinder was prejudicial to the defendant pursuant to Fed.R.Crim.P. 14. *Ruiz, supra*, at 505.  The decision whether to grant severance is "committed to the sound discretion of the trial judge." *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989), *cert. denied,* 493 U.S. 1081 (1990).  "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (narcotics conspiracy case).  Joinder of counts in an indictment is proper, pursuant to Fed.R.Crim.P. 8(a), where two or more persons' criminal acts are "'unified by some substantial identity of facts or participants' or 'arise out of a common plan or scheme'" as in a conspiracy case. *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989).

Nevertheless, a court is authorized to sever counts or defendants, pursuant to

Fed.R.Crim.P. 14(a), "[i]f it appears that a defendant . . . is prejudiced by a joinder," despite an indictment's facial compliance with Fed.R.Crim.P. 8(a).  *United States v. Feyrer,* 333 F.3d 110, 114 (2d Cir. 2003);  *United States v. Nguyen*, 793 F.Supp. 497, 503 (D.N.J. 1992).  However, a defendant has a "heavy burden" to demonstrate "substantial prejudice" to defendant from a joint trial which would result in a "miscarriage of justice."  *United States v. Potamitis,* 739 F.2d 784, 790 (2d Cir.), *cert. denied,* 469 U.S. 934 (1984); *United States v. Ullah,* 2006 WL 1994678, *5 (W.D.N.Y. 2006).  A defendant requesting severance under Fed.R.Crim.P. 14 must show substantial prejudice resulting from joinder, not just that he would have a better chance for acquittal at a separate trial. *United States v. Torres*, 901 F.2d 205, 230 (2d Cir.), *cert. denied sub nom. Cruz v. United States,* 498 U.S. 906 (1990); *United States v. Villegas*, 899 F.2d 1324, 1347 (2d Cir.), *cert. denied,* 498 U.S. 991 (1990).

Here, the Defendants are properly joined by the Conspiracy Count, which charges Defendants with possession with intent to distribute and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) ("§ 841(a)(1)") and 841(b)(1)(A) ("§ 841(b)(1)(A)"), in violation of 21 U.S.C. § 846.  *United States v. Bernstein,* 533 F.2d 775, 789 (2d Cir. **1976)** ("joinder of a conspiracy count and the substantive counts arising out of the conspiracy is proper since the charge of conspiracy provides a common link and demonstrates the existence of a common plan"), *cert. denied*, 429 U.S. 998 (1976).  As such, the requirement for joinder of counts under Rule 8(a) permitting joinder of counts that "are of the same or similar character, or are based on the same act or transaction or are connected with or constitute parts of the same scheme or plan" has been met.

Further, Defendants have not satisfied their heavy burden of proof in establishing that they will be substantially prejudiced by a joint trial.  However, when the Government files its pretrial statement with the trial judge, should the court find at that time or during trial that the prejudicial effect of the Government's conspiracy evidence upon co-Defendants Drake and Moreland outweighs the probative value of the evidence against such Defendants, creating a risk of undue unfairness to Moreland or Drake, and that substantial prejudice is likely to result in an unfair trial to such Defendants, the trial judge may require the Government to forgo introduction of the evidence as to these Defendants at the joint trial, or permit its use only in a severed trial as to Defendants Drake and Moreland.  As such, Defendants' motions may be granted upon renewal to the trial judge.  Accordingly, the motion by Defendants Drake and Moreland to sever pursuant to Fed.R.Evid. 404(b) is DENIED without prejudice to renewal before the District Judge prior to or at trial. [8]

10.    *Bruton* **Request**

Defendant Moreland moves for an order, pursuant to *Bruton v. United States,* 391 U.S. 123 (1968), directing the Government to redact sections of oral or written statements of non-testifying co-conspirators "which may inculpate, or which may arguably prove to be inculpatory, to the instant defendant prior to their admission at any pre-trial hearing, or at the trial . . ."   Okay Affirmation ¶ 49.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court found that a

_____

[8] Defendant Moreland's request for a pretrial hearing to determine the admissibility of co-conspirator hearsay is addressed, *infra,* at 37-38.

non-testifying co-defendant's confession that was admitted at a joint criminal trial which

"facially incriminated" the defendant violated the defendant's Sixth Amendment right to

confront adverse witnesses.  "In deciding whether to redact portions of a defendant's

statement, a district court balances the interest in protecting a co-defendant's

confrontation right against the judicial economy promoted by conducting a joint trial."

*United States v. Mussaleen,* 35 F.3d 692, 696 (2d Cir. 1994).  "The Second Circuit has

held that a defendant's *Bruton* rights [are] violated . . . only if the statement, standing

alone, would clearly inculpate him without introduction of further independent evidence."

*Comfort v. Kelly*, 1998 WL 384613, * 8 (W.D.N.Y. 1998) (internal quotation marks

omitted) (quoting *United States v. Wilkinson*, 754 F.2d 1427, 1435 (2d Cir.), *cert.*

*denied*, 472 U.S. 1019 (1985)).  Further, the Supreme Court in *Richardson v. Marsh*,

481 U.S. 200 (1987), refused to apply *Bruton* to a non-testifying co-defendant's

confession submitted with a proper limiting instruction by the court so long as "the

confession is redacted to eliminate not only the defendant's name, but any reference to

his or her existence."  *Richardson,* 481 U.S. at 211. [9]  However, where redacted

---

[9] The Supreme Court has found that statements which are admissible pursuant to Rule 801(d)(2)(E) do not violate the Confrontation Clause because "the requirements for admission under [the Rule] are identical to the requirements of the Clause," and, because they fall within "a firmly rooted hearsay exception, such as the co-conspirator hearsay exception," the statements' reliability need not be examined. *Bourjaily v. United States,* 483 US 171, 172 (1987).  Subsequently, in *Crawford v. Washington,* 541 U.S. 36 (2004), the Court established a bright-line rule that "prior testimonial statements . . . are never admissible against a defendant unless he had an opportunity to cross-examine [the] declarant, regardless of whether the out-of-court statement falls within a firmly rooted hearsay exception or has particularized guaranties of trustworthiness."  *Haymon v. New York,* 332 F. Supp.2d 550, 556 (W.D.N.Y. 2004) (citing *Crawford, supra,* at 40).  In *Crawford*, the Supreme Court did not specifically define the term "testimonial statement*." Id.* at 557.  However, the Court in *Crawford* identified as "testimonial" statements "prior testimony at a preliminary hearing, previous trial, or grand jury proceeding, as well as responses made during police interrogations."  *Id.*; *see also Crawford, supra,* at 68. Additionally, a declarant's "recorded statement, knowingly given in response to structured police questioning" will be considered testimonial.  *Haymon, supra,* at 557.

confessions "facially incriminat[ed]" the defendant and "involve[d] inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial," the redacted confession violates a Defendant's Sixth Amendment rights. *United States v. Sanin,* 252 F.3d 79, 84 (2d Cir.) (quoting *Gray v. Maryland*, 523 U.S. 185, 197 (1998) (where government witness used the word "deleted" in place of blank spaces and, after reading the confession to the jury, informed them that he arrested defendant upon receipt of the co-defendant's statement)), *cert. denied sub nom. Ignacio Sanin v. United States,* 534 U.S. 1008 (2001).

Based on the applicable caselaw, the absence of any indication that the Government intends to use statements arguably subject to *Bruton* and absent a well-grounded proffer by Defendant that a non-testifying defendant's confession, if introduced, will be the sole inculpatory evidence offered against her, Defendant Moreland's motion is DISMISSED without prejudice to renewal at trial should the Government attempt to introduce statements subject to *Bruton*'s requirements.

## 11. Motion to Disclose to Whom Drake Allegedly Distributed Controlled Substances

At oral argument on Defendants' pre-trial motions, Facts, *supra,* at 7, the court DENIED all requests for particularization but reserved decision on Drake's request that the Government "state with particularity to whom it alleged that Kenneth Drake distributed controlled substances," treating this request as one seeking informant identity. Stuermer Affidavit ¶ 51(3); (Doc. No. 76). The Government contends that Defendant's request for particularization amounts to requesting the identity of a witness before trial and therefore should be denied. (Doc. No. 76). The law applicable to

Drake's request is stated in the Discussion, *supra,* at 11-12.

In this case, the probable cause determination that was based in part on the confidential informants whose identities Defendant seeks, was made by Chatauqua County Court Judge Stephen W.Cass, who issued the eavesdropping warrant on May 5, 2006 and its extension on June 13, 2006, and by the undersigned, who issued a sealed  arrest warrant for Defendants Yarborough, Dhondt, Moreland, Drake, Larson, McBride, Ostrom, all of which were returned on June 20, 2006.  In both instances where warrants were issued, probable cause was evident to the issuing judicial officer based upon the apparent reliability of informant information as corroborated by law enforcement and presented in the underlying affidavit of John W. Runkle, a lieutenant of police with the Chautauqua County Sheriff's Department for 26 years with extensive experience as a narcotics investigator and supervisor of narcotics units.  Runkle Affidavit at 1.  Moreover, Defendant does not demonstrate how any informant's identity is material to his defense at trial, and has therefore failed to meet his burden under *Roviaro* and relevant prevailing caselaw relative to this request.  Discussion, *supra*, at 11-12.

At oral argument, Defendant also maintained that his request for particularization should be granted pursuant to *United States v. Gore,* 154 F.3d 34 (2d Cir. 1998), where the court found a routine buyer-seller relationship between two people does not constitute a conspiracy to distribute narcotics.  *Gore, supra,* at 40.  However, Defendant fails to demonstrate how disclosing an informant's identity will reveal the number of narcotics sales or buys in which Defendant participated.  Additionally, in *Gore,* the Court

reversed defendant's conspiracy conviction based on the district court's finding that defendant was guilty of conspiring to distribute heroin in violation of 21 U.S.C. § 846. *Gore, supra,* at 37, 41.  Here, as Defendant has yet to be convicted of conspiring to distribute narcotics, *Gore* is distinguishable from the instant case.  While particularization of informant identity may assist the Defendant in determining whether the Defendant participated only in a single buy-sell transaction, the court finds the Government's proof at trial should not be so constrained.  Even if the court were to order the informant's identity revealed, the Government has the burden of establishing, beyond a reasonable doubt, that there was an agreement to buy or sell drugs between Defendant and another person.  *Gore, supra,* at 41.  Should the Government's evidence at trial demonstrate Defendant's guilt is subject to the holding in *Gore,* Defendant may seek dismissal on that basis.  Moreover, Defendant was invited by the court to file a supplemental briefing in support of this request for particularization, but failed to do so.  Accordingly, Defendant's request for particularization on this issue is DENIED.


**12.     Personnel files of Government Agent Witnesses**

Defendants Moreland and Drake request that the Government search the personnel files and records of any prospective law enforcement witness "to determine whether there exists *Brady* or *Giglio* material which must be disclosed to the defense." Stuermer Affidavit ¶¶ 52-56; Okay Affirmation ¶ 31.  The Government, in response, represents it is unaware of any conduct in personnel files of prospective witnesses

which would be exculpatory to defendants Drake and Moreland, and further alleges

that, regardless of whether such material exists, Defendants have not shown how such

information is material, "a pre-condition to its disclosure."  Government Response at 6.

However, the Government states it "will disclose written statements of witnesses and

investigative agency or police department memoranda of interviews with witnesses, as

provided by [18 U.S.C. § 3500] and [Fed.R.Crim.P. 16]."  *Id.* at 4.

     In support of his motion, Defendant Drake relies on *United States v. Kiszewski,*

877 F.2d 210 (2d Cir. 1989), in which the court held the court's refusal to compel the

government to produce an F.B.I. Agent's personnel file for in-camera review to be

improper.  Stuermer Affidavit ¶¶ 52-56.  However, *Kiszewski* is distinguishable from the

instant case.  Specifically, in *Kiszewski,* the prosecutor, in an in camera discussion

between counsel and the court on the first day of the trial, acknowledged that one of the

government witnesses' files contained complaints against the witness, but stated that

the witness had been exonerated of one charge and reprimanded for the other.

*Kiszewski, supra,* at 215.  Based on the government's representation, the court refused

to compel disclosure.  *Id.*  The Second Circuit concluded that "in a trial for making false

declarations, where credibility is the central issue in the case and the evidence

presented at trial consists of opposing stories presented by the defendant and

government agents," it was error for the district court not to compel disclosure of the file

based solely on the Government's representation of its contents.  *Id.* at 216.  In contrast

to *Kiszewski,* here, the Government has represented it is unaware of any exculpatory

material contained in its law enforcement files, nor have Defendants specifically alleged

any instances of law enforcement misconduct which may be contained in the files and exculpatory to Defendants. Moreover, Defendants have not shown how such material, if disclosed, is material to their case. *United States v. Payne,* 63 F.3d 1200, 1208 (2d Cir. 1995) (for *Brady* violation, defendant must show non-disclosed evidence was material and favorable to defendant's case), *cert. denied,* 516 U.S. 1165 (1996). "[F]avorable evidence is material, and constitutional error results from its suppression by the government, if there is a "reasonable probability" that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley,* 514 U.S. 419 (1995). Here, Defendants make no such allegation.

Given that the Government has stated it does not, at present, possess any *Brady* exculpatory material but acknowledges its duty to provide *Brady* material if obtained, Government Response at 8, and the Government agrees to disclose written statements of witnesses and police department memoranda pursuant to 18 U.S.C. § 3500, *id.* at 4, Defendant's motion is DISMISSED as moot. The Government is reminded of its obligations under *Kiszewski,* supra.

**13.    Motion to Compel Disclosure Regarding Grand Jury**

Defendant Moreland seeks disclosure of Grand Jury testimony relevant to the charges against her, the dates that testimony was presented to the Grand Jury, Grand Jury attendance records, Grand Jury voting records, the date on which the Grand Jury was impaneled and how or whether the procedure for filing a superseding indictment, if applicable, was followed, all evidence provided to the Grand Jury, and transcription of

Grand Jury testimony.  Okay Affirmation ¶¶ 38-40.  The Government contends that

Moreland has not shown a particularized need for disclosure of such information.

Government Response ¶ 28.

Fed. R. Crim. P. 6(e) states

> A grand juror, an interpreter, a stenographer, an operator of a
> recording device, a typist who transcribes recorded testimony, an
> attorney for the government, or any person to whom disclosure is
> made under paragraph (3)(A)(ii) of this subdivision shall not
> disclose matters occurring before the grand jury, except as
> otherwise provided for in these rules.  No obligation of secrecy may
> be imposed on any person except in accordance with this rule.  A
> knowing violation of Rule 6 may be punished as a contempt of
> court.

Fed. R. Crim. P. 6(e)(2).

An exception to this rule exists where a defendant makes a showing that grounds may

exist for a motion to dismiss the indictment because of matters occurring before the

grand jury.  Fed. R. Crim. P. 6(e)(3)(C)(ii).  Once a proceeding falls under Rule 6(e), it

receives a presumption of secrecy and closure.  *In re Grand Jury Subpoena,* 103 F.3d

234, 239 (2d Cir. 1996).  This presumption is rebuttable and the burden is on the party

seeking disclosure to show a particularized need that outweighs the need for secrecy.

*Id.* (citing *Dennis v. United States,* 384 U.S. 855, 868 (1966)); *see also United States v.*

*Sells Engineering, Inc.,* 463 U.S. 418, 443 (1983).  A party makes a showing of

particularized need by demonstrating "that the material they seek is needed to avoid a

possible injustice in another judicial proceeding, that the need for disclosure is greater

than the need for continued secrecy, and that their request is structured to cover only

material so needed."  *In re Grand Jury Subpoena, supra,* at 240.

The grand jury exists not to determine guilt or innocence, but to assess whether there is an adequate basis for bringing a criminal charge. *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972). As such, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 364 (1956) (declining to enforce the hearsay rule in grand jury proceedings as to do so "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules"). "A grand jury is neither an officer nor an agent of the United States, but a part of the court." *Falter v. United States*, 23 F.2d 420, 425 (2d Cir.), *cert. denied*, 277 U.S. 590 (1928). However, to ensure a grand jury's independence, a court has limited supervisory authority over the grand jury. *United States v. Williams*, 504 U.S. 36, 46-47 (1992).

Any power which a federal court may have over a grand jury is highly circumscribed, not "remotely comparable" to the power which state courts maintain over their own proceedings. *Williams*, *supra*, at 50. In *Williams*, the Court went beyond *Costello*, *supra*, holding that a challenge to the sufficiency of the grand jury evidence, recast as a claim that the prosecutor's presentation was incomplete or misleading, would be an insufficient ground to require dismissal of an indictment. *Williams*, *supra*, at 54.

Grand jury proceedings carry a presumption of regularity. *Hamling v. United States*, 418 U.S. 87, 139-40 (1974). A review of grand jury minutes is rarely permitted

without specific factual allegations of government misconduct.  *See United States v. Torres*, 901 F.2d 205, 232-33 (2d Cir.), *cert. denied sub nom. Cruz v. United States*, 498 U.S. 906 (1990).  The secrecy of the grand jury will not be compromised by an order to disclose grand jury minutes without a showing of "particularized need."  *Dennis v. United States*, 384 U.S. 855, 871-72 (1966).

The Supreme Court has held that an indictment voted by a federal grand jury may not be challenged on the ground that it is supported by inadequate or incompetent evidence.  *Costello*, *supra*, at 363.  A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct.  *See United States v. Torres*, 901 F.2d 205, 232-33 (2d Cir. 1990); *United States v. Moran*, 349 F.Supp.2d 425, 474 (N.D.N.Y. 2005) (holding defendant moving to inspect grand jury minutes must provide specific, credible evidence from which a court could determine that insufficient evidence was presented to the grand jury); *United States v. Barber*, 839 F.Supp. 193, 194 (W.D.N.Y. 1993) (holding defendant not entitled to inspect grand jury minutes in absence of any factual showing of government misconduct and defense counsel's unsupported view that abuses may have occurred before the grand jury was insufficient to overcome presumption of grand jury proceedings' regularity so as to justify disturbing traditional secrecy surrounding such proceedings); *United States v. Olin Corp.*, 465 F.Supp. 1120, 1127 n. 5 (W.D.N.Y. 1979) (holding unsupported suspicions of grand jury abuse by the prosecution did not justify disturbing the secrecy of the grand jury's proceedings and, absent any evidentiary showing of grand jury abuse, disclosure would not be granted).

In the instant case, Defendant's assertion that evidence presented to the Grand Jury which returned the Indictment was insufficient does not warrant dismissal of the Indictment under federal law.  *Weber, supra*, at 238; *Moran, supra*, at 474; *Barber, supra*, at 194 .  As such, Defendant has failed to establish the requisite "particularized need" to compel disclosure of the Grand Jury minutes and her request for such is, therefore, DENIED.

Pursuant to Fed. R. Crim. P. 16(a)(1)(B)(iii), the Government must disclose, upon the defendant's request, "the defendant's recorded testimony before a grand jury relating to the charged offense."  The Government does not argue otherwise.  See Fed.R.Crim.P. 16(a)(1)(A).  Accordingly, Moreland's motion is GRANTED insofar as she seeks a complete copy of her grand jury testimony in this case.

As stated, *Discussion, supra,* at 30, Defendant also requests disclosure of Grand Jury attendance records.  Okay Affirmation ¶ 38(B).  The Second Circuit has stated that

> [s]ince all the evidence adduced before a grand jury - certainly when the accused does not appear - is aimed at proving guilt, the absence of some jurors during some part of the hearings will ordinarily merely weaken the prosecution's case.  If what the absentees actually hear is enough to satisfy them, there would seem to be no reason why they should not vote.

*United States ex rel. McCann v. Thompson,* 144 F.2d 604, 607 (2d Cir.), *cert. denied,* 323 U.S. 790 (1944).

The Second Circuit reaffirmed its holding in *United States v. Colasurdo,* 453 F.2d 585 (2d Cir. 1971), *cert. denied,* 406 U.S. 917 (1972) stating

> [t]he rather ingenious suggestion by counsel that would require a preliminary trial to determine not just the sufficiency of the evidence on each count to sustain the individual count, but a determination of each juror's presence at the time when each item of evidence

29

was introduced would bog down the courts in a morass, a veritable jungle of speculation and conjecture.

*Id.* at 596.

Based on the foregoing, Defendant's motion to inspect Grand Jury attendance records is DENIED.

Defendant has also requested, *Discussion, supra,* at 30, all records pertaining to the formation of the Grand Jury which considered the instant case.  Okay Affirmation ¶ 38.  The Jury Selection and Service Act of 1968, 28 U.S.C. §1861, *et seq.,* in relevant part, states that "[t]he content of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion" challenging the jury selection procedures.  28 U.S.C. § 1867(f).  A defendant has "essentially an unqualified right to inspect jury lists" in order to aid in the preparation of motions challenging the jury selection procedures.  *Test v. United States*, 420 U.S. 28, 30 (1975); *see also United States v. Louie*, 625 F.Supp. 1327, 1343 (S.D.N.Y. 1985).  As these records may be obtained by Defendant, upon request, from the Clerk's Office without order of court (and could have been obtained prior to filing Defendant's motion), Defendant's motion to compel disclosure of grand jury selection documents is DISMISSED as moot.[10]

Defendant's request for disclosure of the Grand Jury voting records is DENIED.

---

[10] The court notes that absent a colorable demonstration of a defect in the seating of the Grand Jury, Defendant's motion is deficient on its face and any attempt to bolster Defendant's motion at this late date would be untimely under the scheduling order for this case entered pursuant to Fed.R.Crim.P. 12(c).  See Fed.R.Crim.P.12(e) (any request or objection not raised by the deadline established by the court pursuant to Rule 12(c) is waived).

Pursuant to Fed.R.Crim.P. 6(e)(1) grand jury deliberations and voting may not be recorded.  As to Defendant's request seeking disclosure of impanelment of the Grand Jury and information indicating that the superseding indictment was properly filed, Okay Affirmation ¶ 38(D), (E), such documents are ministerial in nature and outside the scope of Fed.R.Crim.P. 6(e) "because they reveal nothing of substance about the grand jury's investigation." *In re Grand Jury Investigation*, 903 F.2d 180, 184 (3d Cir. 1990) (citing S. Beale & W. Bryson, *2 Grand Jury Law and Practice* § 7.06, at 30 n. 2 (1986)). While inspection of such records by the defendant is permitted, *see In re Grand Jury Investigation*, supra, at 184; *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1982); *In Re Grand Jury Proceedings*, 813 F.Supp. 1451, 1469 (D. Colo. 1992); 1 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 106 n. 39 (3rd Ed. 1999), nevertheless Defendant's failure to pursue this potential issue with more alacrity results in the conclusion that Defendant has waived the issue by providing no factual basis to dismiss the Indictment on this ground upon the instant motion.  The court accordingly treats the issue as having been waived by Defendant pursuant to **Fed.R.Crim.P. 6(e)** and, as such, Defendant's motion is DISMISSED as moot.

### 14.    Disclosure of Plea Agreements or Leniency

Defendants Moreland, Ostrom and Drake move to compel disclosure of all plea agreements and promises of leniency between the Government and its witnesses, informants, or co-defendants pursuant to Fed.R.Crim.P. 47, Okay Affirmation ¶ 20; Stachowski Affirmation ¶ 54(d), 58-69; Stuermer Affidavit ¶ 6(c)(4).

31

The Government is required under *Brady v. Maryland*, 373 U.S. 83 (1963), to provide the defense with any evidence favorable to the accused where the evidence is material to guilt or punishment.  Further, the defense is entitled to pertinent evidence regarding a material witness's credibility or reliability, including evidence of any agreements or promises of leniency between the government and a government witness.  *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).  Failure of the government to reveal evidence of an understanding in return for the witness's testimony will violate due process.  *United States v. Pfingst*, 477 F.2d 177 (2d Cir.), *cert. denied,* 412 U.S. 941 (1973); *United States v. Feola*, 651 F.Supp. 1068, 1135 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989), *cert. denied*, 493 U.S. 834 (1989).

Accordingly, Defendant's motion for disclosure of plea agreements between the Government and its witnesses is GRANTED.  Such agreements between the Government and its witnesses, if any, should be disclosed **no later thirty days prior to the commencement of trial.**

**15.   Motion to Compel Disclosure of Government Witness List**

Defendants Beardsley, Yarborough, Ostrom, and Moreland request a list of prospective Government witnesses.  O'Rourke Affirmation ¶¶ 17-19; Hurley Affidavit ¶ 12(a), (b); Stachowski Affidavit ¶¶ 44-47; Okay Affirmation ¶ 23.  The Government contends that Defendants have asserted no basis for their request and, as such, Defendants' motions should be denied.  Government Response at 5.

It is well established that a defendant is not entitled to a witness list.  *United States v. Baccollo*, 725 F.2d 170, 172 (2d Cir. 1983).  Rather, the need for such

disclosure is a matter of discretion for the court.  *United States v. Cannone,* 528 F. 2d

296, 301-02 (2d Cir. 1975).  Nor does Rule 16 require a different result.  *United States*

*v. Bejasa*, 904 F. 2d 137,139 (2d Cir.), *cert. denied*, 498 U.S. 921 (1990).  It is not an

abuse of discretion to refuse to compel such disclosure "in the absence of 'a *specific*

showing that disclosure was both material to the preparation of [the] defense and

reasonable in light of the circumstances surrounding the case.'"  *Bejasa, supra*, at 139-

40 (quoting *United States v. Cannone*, 528 F.2d at 301).  Defendants make no effort to

demonstrate that without such prior notice, they will be unfairly prejudiced at trial.

Accordingly, Defendants' request for a witness list is DENIED.

## 16.   Motion to Disclose Existence, Duration and Nature of Electronic Surveillance

Defendant Moreland requests an order compelling the Government to disclose

"the existence and duration of any and all electronic eavesdropping, wiretapping, and/or

other electronic surveillance of any kind whatsoever. . .".  Okay Affirmation ¶¶ 26-27.

The Government represents it has provided Defendants with all relevant wiretap

applications, warrants, CDs and synopses of all pertinent conversations in its

possession.  Defendant does not contest this representation.  As such, Defendant

Moreland's request is DISMISSED as moot.

## 17.   Motion for Production of Statements of Persons Who are Not Prospective Government Witnesses

Defendants Drake, Ostrom, Beardsley, Moreland, and Yarborough seek

disclosure of all coconspirator hearsay statements which the Government intends to

use at trial to establish the existence of a conspiracy, pursuant to Fed.R.Evid. 807. [11]

Stuermer Affidavit ¶ 61; Stachowski Affirmation ¶ 50; O'Rourke Affirmation ¶ 5; Okay

Affirmation ¶¶ 29-30; Hurley Affidavit ¶ 12(c).  Additionally, Defendant Ostrom requests

a hearing pursuant to Fed.R.Evid. 104 to determine whether non-testifying

coconspirator statements the Government intends to introduce at trial may be admitted

under the coconspirator hearsay exception.  Stachowski Affirmation ¶ 51.  The

Government asserts it need not provide statements and identities of those interviewed

but whom the Government does not intend to call in its case-in-chief.  Government

Response at 4.  Additionally, the Government represents that, if it intends to introduce

evidence subject to the residual hearsay exception, Fed.R.Evid. 807, at trial, it will

provide Defendants with notice of its intention when it files its pretrial memorandum with

the trial court.  Government Response ¶ 25.

### a. Coconspirator Statements

Defendants may discover and inspect copies of their own statements pursuant to

Fed. R. Crim. P  16(a).  *Feola, supra,* at 1135.  The **Jencks Act** provides the exclusive

procedure for discovering statements that government witnesses have given to law

enforcement agencies.  *See In re United States,* 834 F.2d 283, 286 (2d Cir. 1987);

*United States v. Covello*, 410 F.2d 536, 543 (2d Cir.), *cert. denied*,  396 U.S. 879

(1969).  A coconspirator who is expected to testify on behalf of the government is a

witness under the **Jencks Act**.  *In re United States, supra,* at 286.   Neither

---

[11] Defendant Beardsley seeks disclosure of statements within the residual exception to the hearsay rule under Fed.R.Evid.803(24).  This rule, however, was transferred to and replaced with Fed.R.Evid. 807.  Accordingly, the court considers the demand for such statements as made under Fed.R.Evid. 807.

Fed.R.Crim. P. 16(a) nor the **Jencks Act** authorizes a court to compel pre-trial disclosure of statements made by codefendants and coconspirators whom the government intends to call as witnesses at trial.  *See In re United States, supra,* at 286; *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974); *United States v. Piedrahita*, 1992 WL 58857 * 5 (S.D.N.Y. 1992); *United States v. Munoz*, 736 F.Supp. 502, 504 (S.D.N.Y. 1990); *Feola, supra,* at 1142; *United States v. Greater Syracuse Bd. of Realtors*, *Inc.,* 438 F.Supp. 376, 383 (N.D.N.Y. 1977).

Further, the statements of nontestifying co-conspirators are not discoverable before trial, as the **Jencks Act** provides the sole means for discovery of the statements that government witnesses have given to law enforcement agencies.  *In re United States, supra,* at 286.  In *In Re United States,* the Court described the lower court's holding that disclosure of the statements of testifying coconspirators was not required as a "limited concession at best," stating, "in many cases it will be the undercover agent or informer rather than the coconspirator who is the prospective witness."  *Id.* at 27. The court noted that, aside from the government's *Brady* disclosure obligations, "if the Government did not intend to call anyone to testify concerning coconspirators' statements, they were not discoverable at all."  *Id.* at 287.

Statements of coconspirators whom the Government does not intend to call as witnesses at trial are not discoverable, pursuant to established precedent within this circuit and the provisions of the **Jencks Act**.  *In re United States, supra,* at 286.  To the extent that such statements may constitute *Brady* material, the Government has not disputed its discovery obligations under *Brady*.  The Government also represents it will

provide Defendants with its notice of intention to introduce evidence subject to

Fed.R.Evid. 807 when it files its pretrial memorandum with the trial court, *Discussion,*

*supra,* at 38. Accordingly, in the present case, Defendant's requests for disclosure of

statements by coconspirators who are not prospective Government witnesses is

DENIED.

**b.      Hearing Pursuant to Fed.R.Evid. 104**

As stated, *supra,* at 38, Defendants Ostrom and Moreland request a hearing "to

determine whether the Government can make a sufficient showing that a conspiracy, as

opposed to a mere buyer-seller relationship, existed and that the statements to be

introduced are admissible under the coconspirator hearsay exception." Stachowski

Affidavit ¶ 51; Okay Affirmation ¶ 46. Though Defendant Ostrom requests this hearing

pursuant to Fed.R.Evid. 104, Stachowski Affidavit ¶ 51, what Ostrom and Moreland

actually seek is a hearing pursuant to Fed.R.Evid. 801(d)(2)(E), commonly referred to

as a *James* hearing, *See United States v. James,* 590 F.2d 575 (5th Cir.), *cert. denied,*

442 U.S. 917 (1979), which is not recognized by the Second Circuit. *See United States*

*v. Feola, supra,* at 1129.

In the Second Circuit, the functional equivalent of a *James* hearing is provided by

a *Geaney* ruling, pursuant to *United States v. Geaney*, 417 F.2d 1116 (2d Cir. 1969),

*cert. denied sub nom. Lynch v. United States,* 397 U.S. 1028 (1970). Under *Geaney,*

as the Second Circuit has recently reiterated

> The decision as to whether the four prerequisites have been
> met, like all other preliminary questions of admissibility, see
> Fed.R.Evid. 104(a), is to be made by the court. *Bourjaily v.*
> *United States,* 483 U.S. at 181. If the Government succeeds

> in persuading the court that the conditionally admitted co-
> conspirator statements were made during and in furtherance
> of a conspiracy of which both the declarant and the
> defendant were members, the statements are allowed to go
> to the jury.  If the court is not so persuaded, it either should
> instruct the jury to disregard the statements, or, if those
> statements were "so large a proportion of the proof as to
> render a cautionary instruction of doubtful utility," should
> declare a mistrial.

*United States v. Tracy,* 12 F.3d 1186, 1199 (2d Cir. 1993) (quoting *Geaney, supra,* at 1120).

The Government will be permitted to use co-Defendants' hearsay statements "subject to the connection and without the need for a pretrial hearing on the sufficiency of the evidence concerning each defendant's participation in the alleged conspiracy."  *United States v. Giovanelli,* 747 F.Supp. 875, 880 (S.D.N.Y. 1989).  Based on the foregoing, Defendants' request for a pre-trial hearing is DENIED.

### 18.    Evidence to be Used at Trial

Defendants Ostrom, Moreland, Yarborough, Beardsley and Drake request, pursuant to Rule 12(b)(4), notice of the Government's intent to use Rule 16 evidence at trial. Stachowski Affidavit ¶¶ 42-43; Okay Affirmation ¶¶ 32; Hurley Affidavit ¶ 47; O'Rourke Affirmation ¶¶ 15-16; Stuermer Affidavit ¶ 62.  The Government contends that all tangible objects obtained have been made available to Defendants, and represents it will make photographs it considers material to the Defense similarly available for inspection.  Government Response ¶ 6.  Finally, the Government has notified Defendants that Defendants may inspect these materials, as the materials shall be used by the Government against Defendants at trial.  *Id.*  Accordingly, Defendants'

motion to disclose is DISMISSED as moot.  To the extent that Defendants seek
disclosure of the specific evidence the Government intends to offer at trial, there is no
authority for such pretrial discovery and Defendants cite to none.  Accordingly, such
request is DENIED.

**19.    Disclosure of Mail Cover**

Defendant Moreland moves for an order of disclosure "revealing to [Moreland]
whether or not any mail or other correspondence sent to or by the defendant, any co-
conspirator (indicted or otherwise), or to [Moreland's] counsel, both past and present,
through the United States Postal Service, or otherwise, has been or is now being
intercepted or otherwise inspected."  Okay Affirmation ¶ 36.  If so, Moreland requests (i)
identification of the extent of the investigation; (ii) the circumstances under which it
occurred, including the names of authorizing persons; (iii) the procedure(s) by which it
was implemented, "including the names, addresses, telephone numbers and social
security numbers of all persons involved therein"; (iv) why the investigation was
warranted; (v) what was learned by law enforcement; (vi) names and positions of
persons who learned of this information, "and the date(s) of all transmissions"; and how
the information obtained is being utilized.  *Id.* ¶ 37.  However, Moreland cites no
authority to compel the court to require disclosure.  Moreover, Moreland does not
suggest that mail cover, if it occurred or is presently occurring, was illegal.  Therefore,
Moreland's motion for disclosure of mail cover is DENIED.

**CONCLUSION**

Based on the foregoing, Defendants' motions for discovery pursuant to

Fed.R.Evid.403, 404(b) and 609 (Doc. Nos. 67, 61, 71, 69 and 63) are GRANTED;

Defendant Ostrom's motion for discovery pursuant to Fed.R.Evid. 702, 703 and 705

(Doc. No. 71) is GRANTED; Defendant Moreland's, Ostrom's and Drake's motions for

identification of informants (Doc. Nos. 69, 71 and 61) are DENIED; Defendant

Yarborough's, Ostrom's and Moreland's motions for production of *Giglio* and *Jencks Act*

material (Doc. Nos. 67, 71, and 69) are GRANTED; Defendants' motions for leave to

join in their co-defendants' motions are GRANTED; Defendant Larson's motion to join

in Yarborough's motions (Doc. Nos. 66 and 67) is GRANTED; Defendant Moreland's,

Beardsley's, Yarborough's and Drake's motions for leave to file additional motions (Doc.

Nos. 69, 63, 67, 61) are GRANTED, insofar as Defendants demonstrate circumstances

which prevented the motion's timely filing; Defendant Yarborough's, Moreland's and

Drake's motions to preserve rough notes (Doc. Nos. 67, 69, 61) are GRANTED, insofar

as law enforcement rough notes have not been incorporated into official records;

Defendant Drake's and Moreland's motions for severance (Doc. Nos. 61 and 69) are

DENIED; Defendant Moreland's *Bruton* motion (Doc. No. 69) is DISMISSED without

prejudice to renewal at trial; Defendant Drake's motion for particularization of to whom

he allegedly distributed controlled substances (Doc. No. 61) is DENIED; Defendant

Moreland's and Drake's motions that the Government search its personnel files for

*Brady* or *Giglio* material (Doc. Nos. 69 and 61) are DISMISSED as moot; Defendant

Moreland's motion for disclosure of Grand Jury testimony (Doc. No. 69) is GRANTED

insofar as it is a copy of Defendant Moreland's testimony, otherwise the motion is

DENIED; Defendant Moreland's motion for disclosure of Grand Jury minutes, Grand

Jury attendance records and Grand Jury voting records (Doc. No. 69) is DENIED.

Defendant Moreland's motion for disclosure of records pertaining to the formation,

impanelment and filing of the Grand Jury (Doc. No. 69) is DISMISSED as moot;

Defendant Moreland's, Ostrom's and Drake's motions for disclosure of plea agreements

and promises of leniency (Doc. Nos. 69, 71, 61) are GRANTED; Defendant

Beardsley's, Yarborough's, Ostrom's and Moreland's motions for disclosure of

Government witnesses (Doc. Nos. 63, 67, 71 and 69) are DENIED; Defendant

Moreland's motion to disclose the existence, duration and nature of electronic

eavesdropping (Doc. No. 69) is DISMISSED as moot; Defendant Drake's, Ostrom's,

Beardsley's, Moreland's and Yarborough's motions for disclosure of coconspirator

hearsay statements (Doc. Nos. 61, 71, 63 and 67) are DENIED, insofar as they request

disclosure of witness statements made by individuals the Government does not intend

to call at trial; Defendant Ostrom's and Moreland's motions for a hearing pursuant to

Fed.R.Evid. 104 (Doc. Nos. 71 and 69) are DENIED; Defendant Ostrom's, Moreland's,

Yarborough's, Beardsley's and Drake's motions for notice of the Government's intent to

use Rule 16 evidence at trial (Doc. Nos. 71, 69, 67, 63 and 61) are DENIED; and

Defendant Moreland's motion for disclosure of mail cover (Doc. No. 69) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 28, 2007
        Buffalo, New York